UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARCELINO CONTINENTAL CORP.,<br><br>　　　　　Defendant. | No. 2:20–cv–1832–DAD–KJN<br><br>ORDER<br><br>(ECF No. 23.) |

This case concerns plaintiff's allegations that defendant failed to, among other things, operate its website in a manner consistent with the Americans with Disabilities Act; defendant answered, denying liability. (See ECF Nos. 1, 8.) Presently pending before the undersigned is defendant's motion for a protective order, opposed by plaintiff.[1] (ECF Nos. 23, 25, 26.) Defendant argues the court should protect it from having to respond to all of plaintiff's discovery requests because the complaint fails to sufficiently state claims that invoke the court's subject matter jurisdiction. Plaintiff argues that because her discovery requests are relevant to the claims in the complaint, which have not been challenged by motion, no protective order should issue.

For the reasons stated at the January 10, 2023 hearing and as elaborated on below, defendant's motion is DENIED without prejudice.

---

[1] The motion for a protective order matter was referred to the undersigned pursuant to Local Rule 302(c)(1). See 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

1

**Legal Standards**

Federal Rule of Civil Procedure ("Rule") 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case."  It further states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  Id.

However, there are limits to these general discovery principles.  Rule 26(c)(1) states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (noting the burden goes to "each particular document" the party seeks to protect); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

**Analysis**

Here, defendant contends a protective order should issue—preventing plaintiff from obtaining *any* discovery in this case—on the broad allegations that the complaint fails to sufficiently plead injury-in-fact (a requisite of the court's standing analysis).  Defendant points to a similar case in this court, Brooks v Lovisa Am., 2:20-cv-2493-TLN-KJN, 2022 WL 4387979 (E.D. Cal. Sept. 22, 2022).  Therein, another district judge determined the complaint (filed by plaintiff Brooks asserting similar allegations against a different defendant) failed due to the same standing issue and therefore was dismissible for lack of subject matter jurisdiction.  Counsel for Barcelino cites to the court's ongoing duty to check subject matter jurisdiction and requested the undersigned dismiss this case.

As the court informed counsel at the hearing, defendant's request for a protective order is misaligned with its arguments going to the merits of plaintiff's claims.  True, district courts have "wide discretion in controlling discovery," including the power to stay discovery where a non-frivolous motion to dismiss is pending.  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.

1988); see also Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam) (noting that a district court may enter a protective order staying discovery, on a showing of good cause, when the court "is convinced that the plaintiff will be unable to state a claim for relief"). However, no dispositive motion is pending before the district judge in this case. Absent such a motion, an order protecting defendant from having to respond to any discovery would be highly inappropriate. At the hearing, defendant stated it believed the protective order motion was proper as a way of calling the standing issue to the court's attention, pursuant to the court's continuing duty to dismiss any case where subject matter jurisdiction is lacking. See Rule 12(h)(3). As competent counsel should be aware, dispositive motions of this nature are to be noticed before the assigned district judge using the appropriate vehicle, and not via a protective order motion noticed before a magistrate judge.

Thus, because plaintiff's discovery requests appear relevant and proportional to the claims and defenses in the case, and defendant has not proffered any argument to meet its burden that a protective order should issue, its motion for a protective order is denied.[2]

**ORDER**

It is HEREBY ORDERED that defendant's motion for a protective order (ECF No. 23) is DENIED without prejudice.

Dated: January 11, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

broo.1832

---

[2] A review of the docket indicates plaintiff recently refiled her motion to compel responses to outstanding discovery, requesting defendant answer her discovery requests and pay monetary sanctions, given that fact discovery closes on February 2 and the scheduling order requires resolution of all discovery matters prior to this date. (See ECF Nos. 18, 27.) Defendant is highly encouraged to heed the court's order above and take the action it believes appropriate. The court will look with extreme disfavor if the parties fail to confer over and resolve the outstanding discovery requests in the absence of a pending dispositive motion before the district court.